*United States v. Jaramillo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-one.

PRESENT:   DENNIS JACOBS,
           ROBERT D. SACK,
           DENNY CHIN,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                *Appellee*,

           v.                                                          20-3240

PEDRO JARAMILLO, AKA ENRIQUE
JARAMILLO,

                *Defendant-Appellant*.

_____

FOR APPELLEE:                      Andrea Griswold, Thomas McKay,
                                   Assistant U.S. Attorneys, *for* Audrey
                                   Strauss, U.S. Attorney for the Southern

District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:                Pedro Jaramillo, *pro se*, White Deer, Pennsylvania.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *Ch. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Pedro Jaramillo, *pro se* and incarcerated, appeals from the denial of his motion for compassionate release and subsequent motion for reconsideration of that denial.   Jaramillo argues that his vulnerability to COVID-19 infection justified his early release.   The district court denied the motion, reasoning that Jaramillo had not set forth any medical conditions that put him at a higher risk if infected.   Jaramillo then filed a motion for reconsideration, identifying his underlying medical conditions that purportedly put him at a higher risk of serious illness or death. The district court denied the motion, reasoning that Jaramillo's health conditions did not establish extraordinary and compelling reasons for release.   Another motion for reconsideration, brought before the one at issue here, is not on appeal.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Section 3582(c)(1)(A) permits a district court, "after considering the factors set forth in Section 3553(a)," to "reduce the term of imprisonment" if it finds

2

"extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A); *see United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).   When considering § 3582(c)(1)(A) motions, district courts have "broad" discretion.   *Brooker*, 976 F.3d at 237.   We review the denial of motions for "discretionary sentence reduction" for abuse of discretion.   *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020); *see also United States v. McCoy*, 995 F.3d 32, 52 (2d Cir. 2021) ("The denial of a motion for reconsideration is reviewable only for abuse of discretion.").

We discern no abuse of discretion in the district court's decision to deny Jaramillo's motion for compassionate release or his subsequent motion for reconsideration.

As to the initial motion for compassionate release, the district court was within its "broad" discretion, *Brooker*, 976 F.3d at 237, to deny this motion because Jaramillo did not proffer any specific medical conditions that would make him particularly vulnerable to COVID-19, nor did he assert that there were cases of COVID-19 in his facility.

In Jaramillo's motion for reconsideration, he asserted that he had been diagnosed with sleep apnea and "breathing conditions," "sleeping disorders," "other specified symptoms and signs involving the circulatory and respiratory systems," prediabetes, anxiety disorders, and hypertension, and he provided medical records in support.   The district court considered this new evidence and concluded that Jaramillo

3

had not established extraordinary and compelling reasons warranting a sentence reduction because, under the then-current CDC guidelines, none of the conditions he listed had been determined to increase the risk of severe illness from COVID-19; hypertension was only listed as a condition that "might" increase the risk. This was not an abuse of discretion. A district court may, in exercising its broad discretion, rely on the CDC's guidance to determine whether certain health conditions constitute extraordinary and compelling reasons to warrant a sentence reduction.

Jaramillo argues that the district court "wrongly stated that sleep apnea is not a major risk for COVID-19," but the CDC guidelines did not and do not list sleep apnea as a medical condition that poses a risk for complications from COVID-19. *See* Ctrs. for Disease Control & Prevention, COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/index.html (search sleep apnea) (last visited May 11, 2021). Moreover, while the CDC guidelines currently state that hypertension, from which Jaramillo allegedly suffers, "possibly . . . can make you more likely to get severely ill from COVID-19," Ctrs. for Disease Control & Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 11, 2021), when the district court ruled on the motion for reconsideration, the CDC guidelines merely stated that hypertension "might" increase the risks associated with COVID-19, and only "limited data" supported that conclusion, Dist. Ct. Dkt. No. 68 at 2.

Jaramillo also challenges the district court's determination on the basis that other district courts have granted compassionate release to inmates who have health conditions similar to his. But none of the cases Jaramillo cites concerns an inmate who suffers from the same set of conditions that he does; in each case the inmate suffered from at least one additional condition. Further, even if the health conditions in those cases were exactly the same as Jaramillo's, we have acknowledged that sentencing decisions are discretionary, fact specific, and subject to variation among district courts. *See United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) ("[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges.").

We have considered all of Jaramillo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Jaramillo has also moved to appeal the denial of his motion for compassionate release. To the extent he is seeking the Court's permission to appeal, the motion is unnecessary, and as we have now considered his appeal on the merits, the motion is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court